HAMPTON LOOKER, Respondent, *v.* JOSEPH DAVIS *et al.*, Appellants.

1. *Practice, civil — Issues in equity may be framed by the chancellor — Where not abused, the power will not be interfered with.* — It is permissible for a chancellor, in his sound discretion, to frame issues and take the opinion of a jury for his guidance; and when this power is not abused or wrongfully exercised it will not be interfered with. (Wagn. Stat. 1041, § 13.)

2. *Witnesses, statute concerning relates to parties to suit and issues on trial.* — The proviso of the statute concerning witnesses (Wagn. Stat. 1372, § 1) relates wholly to persons who are parties to the suit, the issue arising in which is on trial, and not to others who were merely parties to the original contract. The object and purpose of the statute was undoubtedly to put the two parties to a suit upon terms of substantial equality in regard to the opportunity of giving testimony.

3. *Witnesses — Where one party is dead, statute concerning applies only where witness is party to a contract and the suit.* — The purchaser of land at sale under deed of trust sued the possessor in ejectment. The latter brought his cross-action by injunction to restrain the purchaser from further steps in his ejectment. The bill, among other things, set up an agreement between the maker and the beneficiary in the trust deed whereby the latter agreed to cancel the same, provided the maker would convey the land to the plaintiff in the injunction suit; and the bill averred that the land had been so conveyed to him. Although the beneficiary in the deed was dead at the time of bringing the suit, *held,* that under section 1, page 1372, Wagn. Stat., plaintiff was a competent witness as to the contract set up, not having been a party thereto. The rule excluding testimony under that statute applies only where the witness is party to the suit and also to the contract.

*Appeal from Sixth District Court.*

*Lackland, Martin & Lackland,* and *A. H. Buckner,* for appellants.

I. The Circuit Court of St. Charles erred in framing issues and sending them out to be tried by a jury in this case. This was a chancery case, and neither party had any right to demand a jury. (Morris v. Morris, 28 Mo. 114–17.)

II. The court erred in allowing the plaintiff to testify to an alleged contract made by him with John B. Davis in his lifetime. This alleged contract is the foundation of plaintiff's claim. It was the matter in issue and on trial. An executor is not a competent witness in his own behalf to support a charge in his probate account of money paid to himself individually for services rendered the testatrix in her lifetime. (Ela v. Edwards, 97 Mass. 318.) The exception contained in the statute under which this decision was made, is the same as ours. The test of competency is "the contract or cause of action in issue and on trial." If the cause of action was a matter transacted with a person who has deceased, the other party to that transaction, being also a party to the suit, is not admitted as a witness at all. (Granger et al. v. Bassett, 98 Mass. 462–8.) In a suit by an indorser of a note, if the payee be dead, the defendant is incompetent to testify. (Byrne v. McDonald, 1 Allen, 293.) If a note is taken by A. in his own name for the benefit of B., and A. dies, the defendant is not a competent witness in an action upon the note by an indorsee. (Hubbard v. Chapin, 2 Allen, 328.) In an action against an administrator to recover for money paid by plaintiff, as agent of defendant's intestate, the plaintiff is not a competent witness in his own favor. (Brown v. Brightman, 11 Allen, 226 ; Green v. Gould, 3 Allen, 465 ; Fisher v. Morse, 9 Gray, 440 ; Ayres, Adm'r, v. Ayres, 11 Gray, 130 ; Hayward v. French, 12 Gray, 453 ; Malady v. McEnary, 30 Ind. 273 ; Lee v. Dill, 39 Barb. 516.)

III. A plaintiff in a suit in equity, brought to establish a lost or destroyed will, against the administrator and next of kin of the testator, is not a competent witness in his own behalf to prove conversations had between himself and the deceased at the time of making the will and before, on the subject of making his will. (Timon v. Cloffey et al., 45 Barb. 438 ; Clark v. Smith, 46 Barb. 30 ; Dyer, Adm'r, v. Dyer et al., 48 Barb. 190 ; Lob-

dell v. Lobdell *et al.*, 32 How. 1 ; Farnum, Adm'r, v. Virgin, 52 Me. 576 ; Little v. Little, 13 Gray, 264 ; 4 Allen, 184 ; Jones v. Walcott, 15 Gray, 541 ; Stanton v. Ryan, 41 Mo. 570 ; State *ex rel.*, etc., v. Meagher, 44 Mo. 336.) It is submitted that it appears from principle and authority that plaintiff, Looker, was not a competent witness to testify to a contract or agreement alleged to have been made between himself and John B. Davis, deceased.

*J. B. Henderson*, for respondent.

I. The court had a perfect right to take the opinion of a jury upon the specific questions of fact involved in the pleadings. (Gen. Stat. 1865, ch. 169, § 13.) This court, in Morris v. Morris, 28 Mo. 114, did not deny the authority of the court to submit issues to a jury, but expressly declared that " the court has a discretion, and should exercise it in order to determine whether the case is a proper one for a jury." (Wagn. Stat. 1040.)

II. This was a contract between Prince and Davis; and Looker, under the statute, is as competent to testify as to its terms as any disinterested person. Even if the appellants' theory be taken, that the contract, if made, included Looker as a party to it, yet if the contract between Looker and the deceased is not necessarily " in issue and on trial" in this proceeding, he is a competent witness. It matters not, so far as the issues here are concerned, whether Davis and Looker had a contract about the land or not. No such contract can be " in issue." The rule is to admit parties and persons in interest to testify. The exclusion will be strictly construed. To the case of The Manufacturers' Bank v. Schofield, 39 Verm. 590, the attention of the court is specially called, where the words of the Vermont statute, in the precise words of ours, are explained. The court there says that " by the words ' contract or cause of action in issue and on trial,' as used in the statute, the Legislature evidently intended such contract or cause of action as was to be enforced by the proceeding — that in regard to which an issue was to be formed and a trial had, where the rights of the parties to the contract or cause of action would be determined by the result."

The court further say that the "contract between Flood (who had died) and the Schofields (who were defendants, and offered as witnesses) is brought in incidentally as explaining and giving force and effect to what took place between Wellington, the cashier, and the Schofields." In this proceeding there is no contract between Looker and the deceased (Davis) "to be enforced," nor any rights between the estate and Looker "to be determined by the result." Any contract that may have been made between Davis and Looker can only be incidentally brought in here, "as explaining and giving force and effect to what took place" between Davis and Prince. Under the New York statute of 1869, it was held that plaintiff was a competent witness to show a deposit of money in bank to the credit of decedent, under a custom or general arrangement with him, because it was not testimony in respect to "transactions or communications had personally" with deceased. (Franklin v. Pinkney, 2 Rob. 429.) Nor does the statute exclude a party from testifying to the particulars of a transaction which took place between the deceased and a third person in the presence of the witness. (Lobdell v. Lobdell, 36 N. Y. 327; 4 Abb. Pr. 56; 53 How. Pr. 347.)

WAGNER, Judge, delivered the opinion of the court.

The record shows that in 1857 John B. Davis sold and conveyed to one Printz a tract of land in Montgomery county, for $3,800, and, to secure the purchase money in three equal payments, Printz gave his notes to Davis and executed a deed of trust on the land sold, to one David Thomas, as trustee. In 1859 Davis died, leaving Thomas his executor; and afterward Thomas, as trustee in the deed, proceeded and sold the land under the terms of the deed of trust; and Joseph Davis, who is the defendant in this suit and also a son of John B. Davis, bought it and received a deed therefor.

Joseph Davis, the purchaser, brought an action of ejectment against Looker, the plaintiff in this suit, for the possession of the land, and Looker instituted this proceeding in the nature of a bill in equity to enjoin Davis from further prosecuting his

action in ejectment and to set aside the trustee's deed from Thomas to Davis.

In his petition the plaintiff, after reciting the facts of sale as above set forth, says that Printz took possession of the land under the conveyance from Davis, but ascertaining that he would not be able to pay the consideration, or for some other cause, it was agreed by and between the said John B. Davis and the said Printz that upon the execution of a deed by Printz and wife, by which they would convey the land to plaintiff, who was Davis' son-in-law, he (Davis) would cancel the indebtedness of Printz to him for the land and release him from the payment thereof; whereupon Printz and his wife, by their deed, did convey the same to plaintiff, and Davis did cancel the said indebtedness and release Printz from the payment thereof. Plaintiff states that in consideration of the said conveyance he paid to the said John B. Davis the sum of $2,000 and took possession of the land, and now holds the same. There is also an averment that the defendant, Joseph Davis, when he bought the land at the trustee's sale, had full notice of these facts and knew that Printz's notes were canceled and discharged, and that nothing was due on them.

The answers of both the defendants, Davis and Thomas, admit that a contract was made between John B. Davis, during his lifetime, and Printz, that Printz's notes should be surrendered to him when Looker executed his own notes in lieu thereof; but this they say was not done, and the arrangement failed, and Printz's notes therefore remained in full force.

Upon a hearing the court decreed an injunction. During the trial of the cause Looker introduced himself as a witness, and gave testimony which was objected to by the defendants, and the question of his competency is really the only matter in the case requiring serious consideration.

That the court made up issues of fact and submitted them to be passed upon by a jury, is not objectionable. It is permissible for a chancellor in his sound discretion to frame issues and take the opinion of a jury for his guidance; and where this power is not abused or wrongfully exercised, it will not be interfered with. The statute provides that in issues peculiarly triable by the court,

the court may take the opinion of a jury upon any specific question of fact by an issue made up and framed for that purpose. (Wagn. Stat. 1041, § 13.)

It is insisted by the appellants that Looker's evidence was inadmissible because he was a party to the agreement between Davis and Printz, and that Davis is now dead. The statute allowing parties to be witnesses on their own behalf makes this exception, namely: "Provided, that in actions where one of the original parties to the contract or cause of action in issue and on trial, is dead, or is shown to the court to be insane, the other party shall not be admitted to testify in his own favor." (Wagn. Stat. 1372, § 1.)

It will be perceived that the proviso relates wholly to persons who are parties to the suit, the issue arising in which is on trial, and not to others who were merely parties to the original contract. The object and purpose of the statute was undoubtedly to put the two parties to a suit upon terms of substantial equality in regard to the opportunity of giving testimony.

The proposition may be taken as a general one, therefore, that where parties have contracted with each other, each may be supposed to have an equal knowledge of the transaction, and both, if living and sane, are allowed to testify. But if one is precluded by death or insanity, the other is not entitled to the undue advantage of being a witness in his own case. But the test of competency is "the contract or cause of action in issue and on trial;" not the fact to which the party is called to testify. If the cause of action was a matter transacted with a person who has deceased, the other party to that transaction, being also a party to the suit, is not admitted as a witness at all, and can not testify to any fact in the case. (Granger v. Bassett, 98 Mass. 462.)

Can it be said that there is any contract between Looker and the deceased, John B. Davis, in issue and on trial in this suit? If any contract of the deceased is drawn in issue it is the agreement he made with Printz to release him from the notes, provided he (Printz) would convey the land to Looker. This was a contract between Printz and the deceased Davis. If Davis ordered Printz to make a deed to Looker, and, on doing so, he was to be released

10—VOL. XLVII.

City of St. Louis v. The Independent Ins. Co. of Massachusetts.

from the payment of the notes, it does not affect the contract, whether Looker did what he agreed to do or not.

That the order was given is conclusively established, for the record contains the written request of John B. Davis authorizing and requiring Printz to make the deed and convey the land to Looker, together with a receipt by Looker acknowledging that he had received the deed. The deed itself is also in evidence. It is immaterial whether Davis and Looker had a contract about the land or not. No such contract necessarily arose as an issue in this case.

It must be borne in mind that this is a suit between Looker and Joseph Davis and Thomas, and that neither John B. Davis nor his estate is a party to it or concerned in it. The deed was made by Printz to Looker upon the direct and peremptory order of John B. Davis, and upon an issue between the estate and Looker as to whether he had ever complied with his undertaking or paid the consideration. Looker's testimony would obviously be excluded for the reason that Davis being dead he would be unable to oppose his testimony to that of the living witness, and Looker would have an undue and unfair advantage. But as Davis' estate is not a party to this proceeding, I have arrived at the opinion, with some hesitation I admit, that Looker was a competent witness. Wherefore, with the concurrence of the other judges, the judgment will be affirmed.