Angell v. Hester.

M. S. Angell, Plaintiff in Error, vs. David Hester, Defendant in Error.

1. *Witness act—Where party to contract, etc. is dead, opposite party incompetent for any purpose.*—In suit by the indorsee against the maker of a promissory note, the payee whereof is dead at the date of the suit, defendant cannot testify as to a payment on the note made by himself to the payee. And he is incompetent to testify at all in the case.

2. *Witness act—Common law right to testify, not affected by.*—Under the witness act (Wagn. Stat. 1372, § 1), in any case where at common law a party to a suit could testify, he may still do so, notwithstanding the death of the other party to the contract or cause of action.

### Error to St. Clair Circuit Court.

*Frank H. Clark*, for Plaintiff in Error, cited: Stanton vs. Ryan, 41 Mo. 510; State *ex rel.* Townshend, Adm'r, vs. Meagher, 44 Mo. 356; Johnson vs. Quarles, 46 Mo. 423; Looker vs. Davis, 47 Mo. 140; Byrne vs. McDonald, 1 Allen, 295; Hubbard vs. Chapin, 2 Allen, 328; Granger vs. Bassett, 98 Mass. 458; Manuf. Bank vs. Schofield, 39 Vt. 590.

*R. S. Emmons*, for Defendant in Error.

Henry, Judge, delivered the opinion of the court.

This was an action by plaintiff against defendant on a promissory note executed by defendant, and payable to one E. S Tyler, for the sum of two hundred and fifty dollars, and by said Tyler assigned to plaintiff.

The answer admitted the execution of the note and the assignment to plaintiffs, but alleges that before the assignment of the note to plaintiff, he made a payment thereon to Tyler of one hundred and fifty dollars.

At the March adjourned term of said court held in May, 1874, there was a trial of said cause by the court without a jury, both parties consenting, and the finding of the court was for plaintiff, allowing defendant a credit of one hundred and fifty dollars. In proper time plaintiff filed his motion for a new trial, which was overruled, and the court gave judgment in accordance with its finding, from which plaintiff has appealed to this court.

It was proven on the trial that Tyler, the payee of the note, was dead. Defendant offered himself as a witness to prove the alleged payment. Plaintiff objected to his testifying, on the ground that he was incompetent as a witness; but the court over-ruled the objection and permitted him to testify, and his evidence established the payment.

The statute provides that, "no person shall be disqualified as a witness in any civil suit or proceeding at law or in equity, by reason of his interest in the event of the same as a party or otherwise, but such interest may be shown for the purpose of affecting his credibility; provided that in actions where one of the original parties to the contract, or cause of action in issue and on trial, is dead, or is shown to the court to be insane, the other party shall not be admitted to testify in his own favor."

The contract sued on was the note executed by the defendant. The party with whom that contract was made was dead, and by the express terms of the statute the defendant could not be admitted to testify. The payment which he pleads was made, if at all, to Tyler, the payee, and it was in regard to that payment that he was permitted to testify.

In Looker vs. Davis (47 Mo. 145) it is said that, " the proviso relates wholly to persons who are parties to the suit, the issue arising in which is on trial, and not to others who were merely parties to the original contract. The object and purpose of the statute was undoubtedly to put the two parties to a suit upon terms of substantial equality in regard to the opportunity of giving testimony." While this language is a little obscure, the meaning of the court is clearly expressed in the succeeding paragraph : "If the cause of action was a matter transacted with a person who has deceased, the other party to that transaction, being also a party to the suit, is not admitted as a witness at all, and cannot testify to any fact in the case."

The case of Byron vs. McDonald (1 Allen, 293) was a suit by the indorsee against the maker of a note, the payee being dead. The defendant offered himself as a witness, but his testimony was rejected. Bigelow, C. J., said : "The testimony of the defendant was rightly rejected. The payee of the note was dead. He

was one of the original parties to the contract, or cause of action in issue and on trial. By the express terms of the proviso the other party to the contract cannot in such case be admitted to testify in his own favor. The defendant being the promissor of the note declared on, was clearly within the exact letter of the statute." To the same effect is Hubbard vs. Chapin 2 Allen, 328 ; Granger vs. Bassett, 98 Mass. 462 ; Manuf. Bank vs. Schofield, 39 Vt. 593. Our statute is precisely like that of Vermont and Massachusetts, and was copied from the statute of one of those States.

In the case of Granger vs. Bassett (98 Mass. 462), Wells, J., who delivered the opinion of the court, says : "The test of competency is the contract or cause of action in issue and on trial, not the fact to which the party is called to testify. If the cause of action was a matter transacted with a person who has deceased, the other party to that transaction being also a party to the suit, is not admitted as a witness at all, and cannot testify to any fact in the case. Otherwise he is admitted as a witness, and being so admitted, the statute contains no restrictions nor limitations as to the facts to which his testimony may or may not be directed. His competency must be determined in advance by the nature of the controversy and the question in issue. If, upon that test, he is admitted as a witness in the case, his testimony is competent for all purposes, although it may relate to transactions with a person since deceased, which prove to be involved in or to affect the matter in dispute."

We take the true distinction to be, that where one of the original parties to the contract or cause of action in issue and on trial is dead, the other party to such contract or cause of action will not be permitted to testify to any fact which he would not have been permitted to testify to at common law ; that where one of the parties is dead, the other party stands in regard to testifying precisely as if the statute allowing persons to testify had not been enacted.

At common law there were exceptions to the rule excluding parties to the suit and persons interested in the event of the suit from testifying, and in any case where at common law a party

to the suit could testify, he may still testify, notwithstanding the death of the other party to the contract or cause of action.

It is clear that in admitting the defendant to testify the court erred, and with the concurrence of the other judges its judgment is reversed, and the cause remanded.