Thomas J. Hilton, Respondent, *v.* Soc. Newman et al., Appellants.

### December 10, 1878.

1. Where one with whom a contract was made has since died, in order to exclude the other party as a witness it must appear that the deceased was a party to the cause of action; and if deceased was acting for another in making the contract, he was not a party to the cause of action; and where there is nothing to show that he acted for himself, but the essential issue is for what principal he acted, his death does not disqualify as a witness the other party to the contract.

2. Where the chief clerk employed to attend to the general business in the office of a general agent of insurance companies made a contract for repairing a house insured in one of the companies represented by the agency, and which had been injured by fire, in the absence of any evidence of the clerk's authority to bind the agent individually, or of any assumption on his part to so bind his employer, or of ratification, or even knowledge, of the contract on the part of the agent, and where the contractor knew that the insurance company, and not the agent, was the principal party, such contract will not bind the general agent personally.

Appeal from St. Louis Circuit Court.

*Reversed and remanded.*

G. G. Posey, for appellants : The court below erred in permitting plaintiff to testify. — *Angell* v. *Hester*, 64 Mo. 142 ; *Stanton* v. *Ryan*, 41 Mo. 510 ; *Andrews* v. *Hand*, 49 Mo. 159 ; *Loker* v. *Davis*, 47 Mo. 140 ; *Amonete* v. *Montague*, 63 Mo. 201. Newman is not personally liable to the plaintiff for the value of the work done. — Story on Ag. 291, sect. 261.

W. F. Rogers, for respondent : The plaintiff was not disqualified as a witness. — *Stanton* v. *Ryan*, 41 Mo. 510 ; *Andrews* v. *Hand*, 49 Mo. 159 ; *Loker* v. *Davis*, 47 Mo. 140 ; *Amonete* v. *Montague*, 63 Mo. 200. Under the facts in this case, Newman is personally liable for the work done. — Story on Ag. 310, sects. 263, 264 ; *Graham* v. *Stamper*, 2 Vt. 146 ; 2 Kent's Comm. 632, 633.

Hayden, J., delivered the opinion of the court.

This is a suit brought before a justice of the peace upon

an account, to recover for work done by the respondent in making plans and estimates, as a carpenter, for the erection of a building in place of one which had been destroyed by fire, and which was insured by insurance companies of which the present appellant, Newman, was the agent. It appeared that the respondent went to the office of the appellant with a view of making bids for the reconstruction, and there found Pritchard, originally a defendant in this case, in charge of the office, which was the one where the business of the appellant as agent for the insurance companies was transacted. The respondent asked Pritchard if he wanted any bids upon the construction of the building, and testified that Pritchard said that he did; " that if I was the lowest bidder, I should have the job in case the insurance company had the work done, and if the company paid the money, then I should have compensation for my work." The respondent made measurements and calculations, and his bid was found to be the lowest. The companies, however, afterwards paid the loss. The respondent testified that Pritchard told respondent to make out his bill for his services in making estimates " to that office; " which the respondent did, but could never get the bill paid. It appeared that the transaction was entirely between the respondent and Pritchard, and that the former had nothing to do with Newman, who was never at the office during any interview. Newman testified that he did not know the respondent, and never promised to pay him any thing; that Pritchard was his clerk in the insurance business, but had no authority to bind him (Newman). The jury found for the respondent.

In the statement of the cause of action upon which this case was tried, Pritchard and Newman are charged as co-defendants, jointly liable, the argument being that the work was done at their request. Upon the trial before the justice, Pritchard not having been served, the respondent dismissed as to him, and the trial in the court below, accordingly, was as to Newman alone. When the respondent was about to

testify as to his employment by Pritchard, and the transactions between himself and Pritchard, the appellant objected, on the ground that Pritchard was dead ; and it appeared that the latter had died since the bringing of the suit. It further appearing that Pritchard was in the employ of Newman, and, as was testified, his chief clerk, in general control of Newman's insurance business, the court below ruled that, notwithstanding the death of Pritchard, the respondent was a competent witness in his own behalf. The correctness of this ruling is the first question presented.

The statute provides that " no person shall be disqualified as a witness in any civil suit or proceeding, at law or in equity, by reason of his interest in the event of the same as a party or otherwise, but such interest may be shown for the purpose of affecting his credibility ; *provided*, that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party shall not be admitted to testify in his own favor," etc. Wag. Stats. 1372. We must be governed by the words of the statute in construing it to ascertain what exceptions fall within the proviso, even if we thereby exclude cases which might seem to be within the reason which gives rise to the limitation of the general rule. Here the person with whom the alleged contract was made was Pritchard, the deceased. He on the one hand, as the respondent on the other, was the person within whose peculiar knowledge were the facts constituting the contract or cause of action in issue and on trial. Pritchard was also a party originally to the suit ; but this was immaterial. It was not necessary that he should have been a party to the suit. The " other party," the respondent, was a party to the suit ; and the case so far was within the words of the proviso, which does not require the " original party " to the contract or cause of action in issue and on trial to be a party to the suit, although he may by chance, as here, have been such. If this were not otherwise clear, it would be so from

the following words of the section : " and where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify," etc. This last clause shows that it was not the party to the suit, as such, who was in the mind of the framer of the act, but the party to the contract or cause of action, as the words " person who is living and competent to testify" clearly indicate. And such seems now the settled construction. *Angell* v. *Hester*, 64 Mo. 142, and cases there cited. But, though the person first described in the proviso need not be a party to the suit, he must be " one of the original parties to the contract or cause of action." These words evidently do not refer to one who acts merely for another, as Pritchard acted in the present case. We need not assume that Pritchard acted either for the insurance company or for Newman, as we have no right, in considering whether the respondent was a competent witness, to do ; but though Pritchard was originally made a defendant, it was a fact not in issue in the case that he was acting for another, whoever that other may be. Newman stands here in the attitude of denying that there was any contract made, or that the respondent was employed ; but he does not deny that Pritchard was his agent, in the sense that the latter was his clerk in the insurance-agency office. Thus, although the respondent's testimony related to the contract or cause of action in issue and on trial, it cannot be said that Pritchard was an original party to that contract, within the meaning of the statute. Another and a broader term would be necessary to include the case of an agent, where the essential issue is, not whether the person acted for himself or for another, but for what principal he acted. In order to enable the court to exclude the other party to the suit, the case should be brought within the proviso, and the court should be enabled to find as a fact that which the proviso proceeds upon as a basis. See

*Byrne* v. *McDonald,* 1 Allen, 293, and *Hubbard* v. *Chapin,* 2 Allen, 328, as cases where the deceased was an original party to the contract.   See *Hayward* v. *French,* 12 Gray, 459 ; *Goss* v. *Austin,* 11 Allen, 525.

The verdict in this case, however, must be set aside, as there is no evidence to support it.   There is no evidence to show that the present appellant, Newman, authorized Pritchard to bind him (Newman) individually.   It is not shown that Newman knew any thing about this matter, or, personally, had any thing to do with the transaction.   Newman was himself an agent for the insurance companies who were interested in this loss and in having the estimates made, and the respondent knew this.   The words above quoted from his testimony tend to show that if Pritchard was acting for any one, it was for the insurance companies ; and it appears to have been left out of sight, upon the trial, that, if Pritchard was acting for Newman, the tendency of the testimony is to show, not that the former was acting for the latter as an agent acts for a principal, but as a sub-agent acts for an agent.   There is no testimony tending to show that Pritchard assumed to bind Newman individually. Pritchard, the respondent says, told him to make out his bill " to that office ; " but this warrants no inference that he engaged that Newman, as an individual, would pay the bill, and involves the character of the office as an agency for insurance companies, and the expressions of Pritchard in regard to them.   But if Pritchard had assumed to bind Newman personally, there is no evidence of authority to do so, and no evidence of ratification by Newman.   That the respondent looked to Newman is nothing when we consider that there was no recognition by the latter ; nor can a plaintiff upon whom rests the burden of proving authority supply the want of evidence by looking to the party sought to be charged, and thus himself create the power which is the vital point in the case.   The fact that Pritchard was chief clerk of Newman, and in charge of his office, has no

tendency to prove that Pritchard had authority to bind New-
man personally, especially in a matter where, as the
respondent knew, the insurance companies, and not New-
man individually, were the principal parties. The respon-
dent took upon himself the risks of one who deals, not with
the agent himself, but with the clerk of the agent, and in
regard to the business of the principal.

The judgment will be reversed, and the case should be
dismissed unless additional evidence is adduced. All the
judges concur.