### LAMME v. BUSE et al., Appellants.

1. **Unlawful Detainer.** In an action of unlawful detainer, there can be no recovery of any premises not described in the complaint.
2. **Accretion.** The doctrine of *Benson v. Morrow*, 61 Mo. 345, on this subject, reaffirmed.

*Appeal from Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

*A. H. Bolte* and *J. Halligan* for appellants.

NORTON, J.—The plaintiff, Lamme, lessee of John C. Bryan, on the 7th day of April, 1876, filed his complaint of unlawful detainer against the defendants Buse and Bollmann, before one Frazee, a justice of the peace, from whom the case went up, by *certiorari*, to the Franklin circuit court. In his complaint plaintiff alleged that "on the 1st day of January, 1876, he was in the peaceable and lawful possession of the following described real estate and premises, situate in the county of Franklin, and State of Missouri, to-wit: The northeast corner of survey No. 1922; that afterwards, to-wit: On or about the 2nd day of April, 1876, the said defendants, unlawfully and without leave, entered upon," &c. A notice requiring said defendants to deliver to plaintiff the possession of the "northeast corner of survey No. 2,922, and all land in said survey in possession of defendants," was, on the 7th of April, 1876, served upon said defendants. Defendants, at the May term of said circuit court, filed their plea to said complaint, denying that they, or either of them, were guilty of unlawfully entering upon and detaining the northeast corner of survey 1,922 or any part thereof. The cause was tried at the May term, 1876, of said court, and plaintiff obtained judgment, from which defendants have appealed.

The evidence on the part of the plaintiff tended to

show that in January, 1876, he was in possession of a part of survey No. 1,922, and that while in possession defendants entered upon a portion of said premises, ousted plaintiff, built and occupied a cabin, and retained possession of about thirty acres adjoining said cabin. The evidence on the part of defendants tended to show that the lands and premises actually entered upon and held in possession by Buse and Bollmann were not within the lines of survey 1,922, nor upon any part of said survey, nor upon any accretion to said survey; but that the land and premises upon which defendants had entered and upon which they had erected a cabin, and of which they held possession as owners, was upon, within the boundary of and a part of Island No. 73, in the Missouri river, and the accretion thereto; that said land and premises, so entered upon and retained, was not the land and premises set forth and described in plaintiff's notice and complaint, nor was it any part thereof. At the instance of plaintiff and against the objection of defendants, the court gave the following instructions:

1. If the plaintiff, at and before the day named in the complaint, was in the peaceable possession of certain lands held and claimed by him as northeast part of survey No. 1,922, and defendants afterwards entered thereupon without leave of plaintiff, and still detain the possession thereof from plaintiff after demand made in writing by plaintiff, his agent or attorneys, for the delivery of such possession to plaintiff, then the defendants are guilty of unlawful detainer as charged in the complaint, and the jury will so find.

3. If the jury believe from the evidence that the plaintiff, at the time of the alleged commission of the injury in his complaint, was in possession of certain lands on which defendants entered and committed such injuries as are alleged in plaintiff's complaint, and held and claimed possession thereof as part of survey No. 1,922, and that such lands were within the recognized boundaries of said

survey, and that defendants unlawfully withheld the possession of such lands from plaintiff, as alleged in plaintiff's complaint, then it is not necessary for the jury to inquire as to the actual limits and boundary of said survey; and they will find the issues for the plaintiff without regard to whether, upon an actual survey, the lands so detained are without or within said survey.

We are of the opinion that the said instructions were erroneous, because they authorized a recovery on the part 1. UNLAWFUL DE-TAINER. of plaintiff of premises not described in his complaint. The complaint avers that defendants unlawfully entered upon the northeast corner of survey 1,922, and not in the language of the instruction " on certain land held and claimed as part of survey No. 1,922." Instructions should be confined to the issues made in the pleadings. The statute authorizing the summary proceeding of forcible entry and detainer requires the complaint to be in writing, and that it must specify or describe the land or tenement upon which the forcible entry and detainer has been made. In such cases the recovery of plaintiff must be limited to the premises alleged to be unlawfully detained. A party cannot recover lot 5, in block 4, on a complaint which alleges the unlawful detainer of lot 4, in block 5.

As the cause will be remanded for re-trial, and as plaintiff, on the one hand, claims that the land, the posses-2. ACCRETION. sion of which is sued for, if not embraced in the original survey 1,922, has since become a part thereof by reason of accretion from the Missouri river, and the defendants, on the other hand, claim that at the time said survey 1,922 was made there was an island in the Missouri river, No. 73, to which accretion has since been made, and that the land occupied by them is said island 73, and is not embraced either in said survey 1,922, as originally made or as since extended by accretion, it may be well to observe that instructions relating to the subject of accretion should be framed according to the principles enunciated in the

case of *Benson v. Morrow*, 61 Mo. 345. Judgment reversed and cause remanded, in which the other judges concur.