ALVINA MEIER, Appellant, *v.* HENRY THIEMANN, Respondent.

March 18, 1884.

1. LANDLORD AND TENANT — TENANCY AT WILL — BY SUFFERANCE — NOTICE TO QUIT. — A lease by a tenant at will is good as between the lessor and the lessee, but after the demise of the tenant at will, the relation of the demisee to the owner is that of a mere tenant at sufferance and he is not entitled to notice to quit.

2. —— The general rule that a tenant may not dispute the landlord's title does not apply where the demisee of a tenant at will, after the latter's death, attorns to the owner, and refuses to pay rent to the legal representatives of the tenant at will.

3. WITNESSES — DEATH OF THE OTHER PARTY TO CONTRACT. — To render a party to a contract incompetent as a witness, by reason of the death of the other party, he must be also a party in the suit in which he is offered as a witness.

APPEAL from the St. Louis County Circuit Court, EDWARDS, J.

*Affirmed.*

M. F. TAYLOR, for the appellant: One holding under a lease can not dispute a landlord's title, or show that it has expired, without first surrendering the possession obtained under the lease. — *Pentz* v. *Kuester*, 41 Mo. 447 ; *Stagg* v. *Eureka Tanning Co.*, 56 Mo. 314.

MITCHELL & HAWKEN and A. M. GARDNER, for the respondent: A permission to occupy for an indefinite

time, no rent being reserved, does not create a tenancy that can be conveyed. — *Williams* v. *Desair*, 31 Mo. 13. If it was true, as claimed by the plaintiff, that the defendant was the tenant of her husband, or that her husband was a tenant at will of Adolphus Meier, or had some interest in the premises at the time of the execution of the lease in question, which defendant denies, it was nevertheless competent for defendant to show that his tenancy, in interest or title, whatever it might be, had terminated, either by its own limitation or by operation of law. — Taylor's L. & T., sects. 929 and 708. *Jackson* v. *Davis*, 5 Cow. 123; *Den* v. *Ashmure*, 22 N. J. 261; *Langford* v. *Selmes*, 3 K. & J. 220; *Jackson* v. *Rowland*, 6 Wend. 670; *Bowser* v. *Bowser*, 10 Hump. 49; *Binney* v. *Chapman*, 5 Pick. 124; *Camp* v. *Camp*, 5 Conn. 291; *Stagg* v. *Eureka Tanning Co.*, 56 Mo. 317. The most that plaintiff could claim for her husband, in any view of the facts in the case, would be that he was a tenant, or had been a tenant, at will of Adolphus Meier, the owner; that tenancy he could not assign or lease, as it would have terminated at his death. — 1 Hilliard on Real Prop. 386, 388; *Rasin* v. *Stannard*, 17 Mass. 284; *Bigelow* v. *French*, 11 Barb. 498. The plaintiff's own evidence showed that her husband, long before the execution of the lease in question, had moved from the premises and abandoned the possession thereof without the knowledge or consent of the owner, so that whatever right he might have had if he had remained on the premises was lost and possession reverted to the owner. — *May* v. *Tuckett*, 48 Mo. 472.

BAKEWELL, J., delivered the opinion of the court.

This was an action for six months' rent of a farm in St. Louis County. There was a finding and judgment for defendant.

It appeared from the evidence, that Thiemann had been

in possession, paying rent for the place to one Thomas J. Meier, for a year or two before March 1, 1882. At that date, Meier gave to Thiemann a written lease, not under seal, for a term of three years. Meier died in the spring of 1882, after which Thiemann attorned to one Adolphus Meier, and refused to pay to plaintiff. Plaintiff is the widow of Thomas Meier. By order of the probate court, all the property of her husband had been turned over to her ; and the other heirs of Thomas Meier had assigned to her all interest in the leasehold.

On the trial, defendant was allowed to introduce evidence tending to show, that Thomas Meier, the lessor of defendant, was a mere tenant at will of his brother, Adolphus Meier, who let him have possession of the place. Adolphus Meier bought the farm in 1857 ; and had ever since owned it and paid taxes and improvements on it. Thomas Meier was allowed by his brother Adolphus to occupy the place as a means of support ; and Adolphus did not know, till after his death, that Thomas had given a lease of it.

It is contended by appellant, that Adolphus Meier was not a competent witness to prove the understanding between himself and his brother Thomas, under which Thomas was in possession of the premises ; and, also, that the defence set up was incompetent, because it was a denial by by the tenant of his landlord's title. These two questions are the only questions that arise upon the record.

1. If a tenant at will lease the land in his possession, the lease will be good between himself and his lessee, so long as he is suffered to enjoy the premises. *Holbrook* v. *Young*, 108 Mass. 85 ; 1 Washb. on Real Prop. 582. But the original landlord may enter upon the demisee of the tenant at will as a disseisor; and such demisee is entitled to no notice, and, as to the original landlord, is a mere tenant at sufferance. *Reckhow* v. *Shank*, 43 N. Y. 448. The rule is well settled that a tenant, after having accepted possession from his landlord, is not allowed to dispute

his landlord's title. But this doctrine has its limits. A lessee may plead that though the lessor had an interest in the premises at the time of making his lease, his interest terminated before the alleged cause of action rose. *Palmer* v. *Bowker*, 106 Mass. 317. He may show, for instance, that the lessor was only seised in right of his wife, for her life, and that she died before the covenant was broken; or, that the lessor being executor *durante minori œtate*, the infant has since become of age. *Lamson* v. *Clarkson*, 113 Mass. 348; *Andrews* v. *Pearce*, 4 B. & P. 158. No proof of title is required in an action for the rent by the landlord, because, if the tenant has once recognized the title of plaintiff, and treated him as his landlord, he is precluded from showing that the plaintiff had not title at the time the lease was granted. But this the defendant in the present case did not attempt to do. He admits that his landlord had some interest; but he offered to show what was the quantity and duration of that interest, and that it expired before the rent accrued which the representative of the landlord seeks to recover in this action. This, we think, he had a right to do. Upon the termination of the landlord's estate, the tenant became a tenant at sufferance, and no longer liable for rent under his lease. *Lamson* v. *Clarkson*, *supra;* 14 Allen, 134; 1 Washb. on Real Prop. 582.

2. As to the second point, we are of opinion that Adolphus Meier was a competent witness.

The statute provides (Rev. Stats., sect. 4010) that, "no person shall be disqualified as a witness in any civil suit by reason of his interest in the event of the same, as a party or otherwise; but such interest may be shown for the purpose of affecting his credibility; provided, that, in actions where one of the original parties to the contract or cause of action in issue or on trial is dead, or is shown to the court to be insane, the other party shall not be permitted to testify in his own favor." It has always been

held in Missouri, since the matter was settled in *Looker* v. *Davis* (47 Mo. 140), that this statutory provision excludes only where the witness is a party both to the suit and to the contract. There was evidence tending to show that defendant paid the rent to Adolphus Meier with the understanding that he was to hold defendant harmless if he had to pay it again to plaintiff. But, if it be conceded that Adolphus Meier had such a direct interest in the result of the action as would have rendered him incompetent at common law, that would not render him incompetent under the statute. He was neither a party to the contract or cause of action in issue or on trial, nor to the suit. To be incompetent he must have been a party to both.

Counsel for appellant contends that, when a party to the contract is dead, the other party to the contract can testify to no fact to which he might not testify at common law, though he be not a party to the suit. To hold so would be to hold directly contrary to the ruling of the supreme court in *Looker* v. *Davis* (*supra*). In support of this view, counsel cites *Angell* v. *Hester* (64 Mo. 144), and *Ring* v. *Jamison* (66 Mo. 429). Nothing is decided or said in either of those cases which warrants this doctrine. In both of these cases the witness improperly admitted to testify was a party to the suit as well as to the contract or cause of action. In both of these cases Judge Henry says that in cases where the common law excluded a witness as to certain facts only, and not generally, he may testify under the statute as to such facts as he might have testified to at common law, though he be not allowed to testify generally. But in neither case does the court hold or intimate that one not a party to the suit is to be excluded. It is true that, in *Angell* v. *Hester*, in stating the distinction, Judge Henry does not expressly say "party to the action," but his meaning is not at all obscure. He takes it for granted that the party to be excluded must be a party to the action as expressed in the language from *Looker* v. *Davis*, which he

has just cited, and in the language of the Massachusetts case, which he gives at length, and then proceeds to say that the common-law exceptions to the rule excluding parties in interest and parties to the suit are to be applied to cases arising under the statute. These later Missouri cases plainly do not reverse the rule laid down in *Looker* v. *Davis.*

The judgment is affirmed. Judge THOMPSON concurs. Judge LEWIS is absent.