J. S. Pritchett, Appellant, v. M. C. Reynolds, Respondent.

St. Louis Court of Appeals, April 20, 1886.

1. Witnesses—Death of Party.—The death of a party to a transaction operates to exclude as a witness him only who is a party both to the transaction and to the action.

2. ——— Assignment.—The assignor and the assignee in good faith, of a claim, are competent witnesses in an action on the assigned demand against the administrator of one who was a party to the contract sued on.

3. Bailments—Agreement of Substitution—Conversion.—An agreement between bailor and bailee that the latter might deliver the property to a third person, is no defence to an action by the bailor against the bailee for conversion, if the bailee did not so deliver the property, although such third person has given to the bailee a receipt therefor.

4. ——— In such an action, it is no defence that the bailee was authorized by a third person to convert the money to his own use.

Appeal from the Douglas County Circuit Court, J. R. Woodside, Judge.

*Reversed and remanded.*

Thomas H. Musick, for the appellant: To render a witness incompetent, he must have been both a party to the original contract or cause of action and a party to the suit in which his evidence is offered. Pomeroy was one, but not the other. Rev. Stat., sect. 4010 ; *Angell v. Hester*, 64 Mo. 142 ; *Looker v. Davis*, 47 Mo. 145. By the common law the assignor was not excluded from testifying in behalf of his assignee. *Porter v. Rea*, 6 Mo. 57 ; *McKinley v. Williamson*, 23 Mo. 65 ; 1 Starkie on Evid. (5 Am. Ed.) 83 to 100 ; Phillips on Evid. 46 to 69.

THOMPSON, J., delivered the opinion of the court.

This is an action to recover $97.80, alleged to have been had and received by H. P. Kelley, the defendant's intestate, from M. M. Pomeroy, the plaintiff's assignor. The answer is a general denial.

The following proceedings were had at the trial, stated in the language of the bill of exceptions:

"H. P. Kelley, being sheriff of Douglas county, Missouri, arrested one M. M. Pomeroy, as an escaped prisoner from Gibson county, Indiana, to which place he returned him. On the way there Kelley took from Pomeroy $97.80, giving him a receipt therefor. On arrival there Kelley turned Pomeroy over to McClurkin, deputy sheriff of Gibson county, and at the same time took up his receipt from Pomeroy, McClurkin giving to Pomeroy his receipt for the same amount on the understanding between the three that Kelley was to pay over the money to McClurkin for Pomeroy. Kelley afterwards, out of Pomeroy's presence, offered to pay over the money to McClurkin, but McClurkin told him to wait until the return of Chambers, sheriff of Gibson county, who was temporarily absent.

"On the next day, Chambers having returned, he paid to Kelley one hundred dollars reward, which had been offered for the return of Pomeroy, and also advised Kelley to retain the $97.80, as additional remuneration for his trouble. Kelley kept and appropriated the money. His trouble and expenses were worth more than one hundred dollars.

"Pomeroy afterward demanded payment of Kelley, which was refused. Pomeroy then assigned the demand to the plaintiff Pritchett, as attorney fee for defending him in Gibson circuit court.

"Kelley died after assignment, and defendant was appointed administrator.

"Pomeroy was sworn as a witness for the plaintiff, to prove that he did not consent to Kelley's retaining

the money, and that it had never been repaid, but his evidence was ruled out on objection of the defendant, on the ground that he was a party to the original contract, and Kelley, the other party, was dead. Plaintiff saved his exceptions.

"The plaintiff Pritchett was sworn as a witness in his own behalf, and his testimony was objected to on the grounds that he was a party to the suit, and Kelley, one of the original parties to the contract, was dead ; but the objection was overruled, and the defendant saved his exceptions.

"McClurkin and Chambers, and, also, one John P. Anderson, who was with Kelley, testified on the part of the plaintiff."

The plaintiff requested the court to give the following declarations of law, which the court refused and the plaintiff excepted :

"1. The court declares the law to be that if it appears from the evidence that H. P. Kelley, then sheriff of Douglas county, having in charge M. M. Pomeroy, an escaped prisoner from the jail of Gibson county, Indiana, took from him $97.80 in money and gave him a receipt therefor, and on arriving at Gibson county took up his receipt from Pomeroy, and, at the same time, one McClurkin, deputy sheriff of said county, gave to Pomeroy his receipt for the same on the understanding and agreement between Kelley, McClurkin, and Pomeroy, that Kelley would pay over said sum to McClurkin for the use of Pomeroy ; that Kelley did not pay over said sum, or any part of it, to McClurkin or Pomeroy, but, with the consent and advice of one Chambers, sheriff of Gibson county, kept and appropriated the same to his own use ; Pomeroy did not lose his title to the property by any such arrangement, and plaintiff is entitled to recover, unless it further appears from the evidence that Pomeroy either authorized or consented to the arrangement for Kelley to keep the money."

"2. That, although it may appear from the evidence that Pomeroy gave up Kelley's receipt and took

that of deputy sheriff McClurkin, yet that did not constitute either McClurkin or his principal, Chambers, Pomeroy's agent to transfer his property in said money to Kelley, and before either of them could have done so, he must have been authorized so to do by Pomeroy."

"3. The court, sitting as a jury, declares the law to be that a bailee can not transfer the title to property to another without the consent of the bailor, and if it appears from the evidence that Chambers, sheriff of Gibson county, Indiana, or McClurkin, his deputy, became bailee for $97.80 for one M. M. Pomeroy, and that said Chambers turned over and attempted to transfer the title to said money to H. P. Kelley, yet, unless it further appears that Pomeroy authorized or consented to such transfer, it was invalid, and the title thereto remained in Pomeroy."

And thereupon the court gave, at the request of the defendant, the following declarations of law, and the plaintiff excepted:

"1. The court declares the law to be that, if Pomeroy gave up Kelley's receipt and took McClurkin's receipt for the same money in lieu of Kelley's receipt, then McClurkin became Pomeroy's agent, or holder of such money, and his remedy is against McClurkin, and not Kelley."

"2. That, if the sheriff of Gibson county, Indiana, or his deputy, gave the money to H. P. Kelley, for his trouble, or as an extra reward in arresting Pomeroy, then Kelley is wholly exonerated from liability in the premises, and Pomeroy's remedy, if any, would be against the sheriff, or McClurkin."

These rulings were all wrong.

I. Pomeroy and the plaintiff were both competent witnesses. Ever since *Looker v. Davis* (47 Mo. 140), the rule has been that the statutory provision (Rev. Stat., sect. 4010), excludes only a witness who is both a party to the contract sued on and a party to the suit. *Meier v. Thiemann*, 15 Mo. App. 307, 310. Pomeroy was, therefore, competent, because, though a party to the

transaction in controversy, he was not a party to the suit. The statute does not render the assignor of the plaintiff incompetent. *Fyke v. Lewis*, 15 Mo. App. 588. The plaintiff was competent, because, though a party to the suit, he was no party to the transaction in controversy.

II. The rulings of the court on the above instructions were all wrong. The plaintiff was entitled to the instructions requested by him, as above set out. If Kelley received the money from Pomeroy as his prisoner, he held it merely as a bailee for Pomeroy, and if he agreed with Pomeroy and McClurkin to transfer it to McClurkin, this was merely an agreement to substitute McClurkin as Pomeroy's bailee, in the place of and to exonerate Kelley, and if Kelley afterwards carried the money off and converted it to his own use, he did it in violation of the rights of Pomeroy and in violation of this agreement with Pomeroy, and his estate is liable to make it good. The idea embodied in the first instruction given for the defendant that the plaintiff's remedy is alone against McClurkin, and not against Kelley, is quite misconceived. If McClurkin, having the right, under the agreement, to demand and receive Pomeroy's money from Kelley, did not demand and receive it, but consented that Kelley should carry it off, then McClurkin is also liable. The two were joint *tort feasers*, and the transaction gave Pomeroy, or his assignee, a cause of action against both or either.

The idea embodied in the second instruction given for the defendant is, to say the least, a very strange one. Kelley held Pomeroy's money, knowing that it belonged to Pomeroy. He himself had taken it from the person of Pomeroy. The idea that a third person, Chambers, could, under such circumstances, give to Kelley the right to carry this money off and convert it—an act in the nature of larceny—is a very erroneous idea.

The judgment of the circuit court will be reversed and the cause remanded. It is so ordered. All the judges concur.