HENRY THIEMANN, Respondent, v. LOUISA MEIER, Appellant.

St. Louis Court of Appeals, April 5, 1887.

1. UNLAWFUL DETAINER—PLEADING AND PROOF—DESCRIPTION.—A judgment in unlawful detainer, which so describes the land that it can not be identified as the land mentioned in the complaint, is fatally defective for uncertainty.

2. WITNESSES—EVIDENCE—DEATH OF ADVERSE PARTY.—The death of

the adverse original party to the contract, or cause of action, excludes as a witness a person who is directly interested in the result of the suit, though not a party thereto.

APPEAL from the St. Louis County Circuit Court, W. W. EDWARDS, Judge.

*Reversed and remanded.*

WM. F. BROADHEAD and EBER PEACOCK, for the appellant: The judgment does not correspond with the description of the land in the complaint; the judgment is for eighty-five acres of the premises described in the complaint, but does not identify the eighty-five acres. The judgment could not be enforced, because the officer could not identify and locate it without extrinsic evidence. *Clark v. Gage*, 19 Mich. 507; *Orme v. King*, 50 Ga. 524; *Lamme v. Buse*, 70 Mo. 465. The interest of Adolphus Meier disqualified him as a witness. *Sutton v. Shipp*, 65 Mo. 297; *Meier v. Thiemann*, 90 Mo. 433.

LEWIS, P. J., delivered the opinion of the court.

This is an action of unlawful detainer. The complaint filed with the justice describes the land unlawfully entered upon, as the "cultivated portions" of the northeast quarter of section 14 north, range 5 east, in township 45. It was objected in the circuit court, upon the defendant's appeal, that this was an insufficient description for the purposes of the proceeding. We do not find it so. There could be no difficulty in identifying the land by that description, in order to enforce upon it a judgment and execution. A similar objection to the form of the judgment entered by the circuit court is of more serious concern. The court, sitting as a jury, finds that the "defendants are guilty of unlawful detainer as to the eighty-five acres of the premises mentioned in the plaintiff's complaint, but not guilty as to the remaining portion thereof;" whereupon it is adjudged "that the plaintiff have restitution of said eighty-five acres of

the premises described as aforesaid," etc.   But the com-
plaint contains no description or specification of any
parcel of eighty-five acres.   It may be, that the "culti-
vated portions" of the one hundred and sixty acres
described contained eighty-five acres, but no correspond-
ence in description between the complaint and the judg-
ment will ever inform us of the fact.   An officer with an
execution, undertaking to enforce the judgment, would
never know what particular eighty-five acres were to be
restored to the plaintiff.   A recovery in unlawful de-
tainer must be of land which may be identified in the
complaint.   *Lamme v. Buse*, 70 Mo. 463.   This uncer-
tainty of description is error fatal to the judgment.

The plaintiff claims under a lease from Adolphus
Meier, dated October 10, 1882, for two years, and re-
newed for two years more in August, 1884.   This is the
same lease under which the present plaintiff defended
in the suit of Alwina Meier against him, for rent of the
same lands here in controversy.   The rights of Alwina
Meier are represented in this case by the present defend-
ant.   Alwina is the widow of Thomas J. Meier, de-
ceased, who owned the land in 1857, and conveyed it, by
deed of trust in favor of Adolphus Meier, to secure
indebtedness.   In 1858, Adolphus Meier foreclosed his
deed of trust and purchased the land under it.   He
testified, in the case of *Alwina Meier v. Thiemann*, and
to the same effect in the present case, that, after his
purchase under the deed of trust, Thomas J. Meier, his
brother, occupied the land as his agent, until the death
of Thomas, on March 15, 1882.   This testimony was
material in either case, as showing the present plaintiff's
right of occupancy under his lease from Adolphus Meier.
The case of *Meier v. Thiemann* went to the supreme
court, where the judgment was reversed on the ground
that Adolphus Meier was not a competent witness after
the death of Thomas J. Meier, the other party to the
trust transaction, although Adolphus was not a party to
the suit; thus overruling, in that particular, the decis-

ion in *Looker v. Davis* (47 Mo. 140). The court held that, although the witness was not a party to the proceeding, he was virtually testifying in his own favor, and was, therefore, excluded by the terms of the statute. Rev. Stat., sect. 4010.

The position held by Adolphus Meier, as a witness in *Meier v. Thiemann*, was identical with that which he holds in the present case. In either case, the tendency of his testimony is to confirm his own right as landlord of the present plaintiff. Under the ruling of the supreme court, therefore, he was incompetent as a witness in this proceeding, and the trial court erred in admitting him to testify, against the defendant's objections.

There was testimony to the effect that the plaintiff first went into possession under Thomas J. Meier, and that, when he took the lease from Adolphus Meier, he was holding by a lease from Thomas J., for three years, beginning March 1, 1882. After the expiration of this last mentioned lease, the defendant made the entry which formed the foundation of the present suit. It is now claimed by the defendant that the plaintiff can not, by any sort of proof, set up his lease from Adolphus Meier, because the effect of this will be to deny his landlord's title. The same question, upon the same state of facts which the plaintiff's testimony in this case tended to prove, was considered by this court in *Meier v. Thiemann* (15 Mo. App. 307). We there held that, inasmuch as it was shown that Thomas J. Meier had been a tenant at will, it was competent for Thiemann to prove that Meier's tenancy had terminated when the cause of action arose, and so there was no violation of the rule against a tenant's disputing his landlord's title, and Thiemann might lawfully assert his holding under Adolphus Meier. Upon the same hypothesis, it was proper for the plaintiff to make the same showing in the present case. The subject is fully discussed by Judge Bakewell in *Meier v. Thiemann*

(*supra*), and we need only refer to the opinion in that case, for the views which we apply to the same point in the present controversy. The opinion of the supreme court in that case leaves undisturbed our rulings in this connection.

With the concurrence of all the judges, the judgment of the circuit court is reversed, and the cause remanded for further proceedings in accordance with this opinion.