JOHN T. KENYON, Appellant, *vs.* DELIA A. PEIRCE, Appellee.

In Pub. Stat. R. I. cap. 214, § 33, which provides that "whenever an original party to the contract or cause of action is dead or is shown to the court to be insane, or whenever an executor or administrator is a party to the suit, the other party may be called as a witness by his opponent, but shall not be admitted to testify upon his own offer, or upon the call of his coplaintiff or codefendant," . . . the words "other party" mean the other original party to the contract or cause of action.

A. made a promissory note to B. on which B. recovered judgment against A. A. and B. both died. P., the executrix and sole legatee of B., presented this judgment claim to the commissioners on the insolvent estate of A., who allowed it. An heir at law of A. appealed from the allowance. On the trial of this appeal,

*Held,* that P. was a competent witness to testify on his own offer.

APPELLEE's petition for a new trial.

*Providence, July* 23, 1892. DOUGLAS, J. This is a petition for a new trial on the ground of alleged erroneous rulings by the court before whom the original cause was tried.

The proceeding was an appeal by the heir at law from the allowance by the commissioners on the insolvent estate of Daniel C. Kenyon, deceased, of the claim of Delia A. Peirce, executrix of the will of Thomas J. Johnson.

The appeal was heard by the court, jury trial having been waived.

The court held that Delia A. Peirce was excluded from testifying upon her own offer as to a payment received by her on account of the claim from Daniel C. Kenyon in his lifetime, it being undisputed that, if such evidence could be admitted, the claim should be allowed; but, if the witness could not testify, the claim would be barred by the presumption of payment arising after the lapse of twenty years. The question before us is, whether the court rightly excluded this evidence.

The original contract or cause of action is a promissory note made by Daniel C. Kenyon, upon which judgment was rendered for Thomas J. Johnson against Daniel C. Kenyon at the October Term of this court, 1860. Since that time both the original parties to the contract have died. The witness offered was not, therefore, an " original party to the contract or cause of action."

Delia A. Peirce is executrix and also sole legatee in the will of Thomas J. Johnson. She is, therefore, an interested party to the proceeding, the parties of record being herself on the one side, and John T. Kenyon, the heir at law of Daniel C. Kenyon, on the other. There is no executor or administrator party to the record appearing adversely to the witness.

It is contended by the claimant's counsel that by the provisions of Pub. Stat. R. I. cap. 214, § 33, she is made a competent witness.

The statute in question, which was passed March 28, 1877, reads as follows : —

" No person shall be disqualified from testifying in any action at law, suit in equity, or other proceeding at law or in equity, by reason of his being interested therein or being a party thereto : *provided,* that whenever an original party to the contract or cause

of action is dead, or is shown to the court to be insane, or whenever an executor or administrator is a party to the suit, the other party may be called as a witness by his opponent, but shall not be admitted to testify upon his own offer, or upon the call of his coplaintiff or codefendant, otherwise than now by law allowed, unless a nominal party merely, or unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the decease of the executor's testate or administrator's intestate," etc.

This statute represents the progress made at the present time in Rhode Island in the removal of the disqualifications of witnesses which the common law imposed. The two grounds of disqualification which until recently it was thought unsafe to remove were interest in the subject-matter and connection as a party with the conduct of the litigation.

Until January, 1854, neither a person interested in any legal proceeding nor a party thereto could be heard as a witness. Then the first ground of disability, interest in the question at issue, was removed except as to witnesses to a will. Laws January Session, 1854, p. 248. Part of this statute appears as cap. 187, § 33, of the Revised Statutes of 1857 ; and § 34 of that chapter, passed in January, 1857, removes the disability of parties to the proceeding, except in certain cases mentioned in the proviso. The statute now in force confirms the two sections of chapter 187, in the general enactment, and adds to the proviso several exceptions further narrowing the application of the restrictive clauses.

It is evident, from a comparison of these statutes embodying the successive steps taken by the legislature in this matter, that under the present statute there is no exclusion on the ground of interest, and its exceptions apply only to parties to the proceeding.

The same progress in removing the disabilities of witnesses appears in the English and in the Massachusetts statutes. Stat. 6 & 7 Vict. cap. 85, passed August 22, 1843, removed the disability of interest. Stat. 14 & 15 Vict. cap. 99, passed August 7, 1851, removed the disability arising from being party to the suit.

Cap. 233, § 97, Mass. Laws of 1851, removed the incapacity from interest or crime, and was copied substantially in our statute

of 1854. Cap. 188, Mass. Laws of 1856, removed the incapacity arising from being a party, with certain exceptions substantially like those in our statute. The Massachusetts court has restricted the application of the exceptions in the proviso to parties to the suit, as we do. *Bigelow* v. *Heyer*, 3 Allen, 243; *Chamberlin* v. *Chamberlin*, 4 Allen, 184.

We are brought, then, to consider the cases in the proviso in which a party to the action, suit, or other proceeding cannot testify on his own offer.

The first case is whenever an original party to the contract or cause of action is dead. The second case is whenever an executor or administrator is a party to the suit. In either of these cases the statute says "the other party" may not testify on his own offer.

The second case presents no difficulty. The other party who is adversely interested to the executor or administrator is plainly the other party to the proceeding, the adverse party of record; but in the first case the words may mean the other party to the proceeding, or the other original party to the contract or cause of action, who is also a party to the proceeding.

Here the excessive desire for condensation has produced uncertainty. The grammatical construction of the sentence seems to forbid giving a double interpretation to the same words when they are not even repeated.

The Massachusetts Statute of 1856, cap. 188, seems to have originated this involved phrase. It reads as follows: —

"Parties in all civil actions may be admitted to testify in their own favor, and may be called as witnesses by the opposite party: *provided*, that no party so testifying shall be compelled to criminate himself; and *provided also*, where the original party to the contract or cause of action is dead, or where an executor or administrator is a party to the suit, the other party shall not be permitted to testify."

The Massachusetts Statute of 1857, cap. 305, reads: "Where one of the original parties to the contract or cause of action is dead, or is shown to the court to be insane; or where an executor or administrator is a party to the suit or proceeding, the other party," etc., and the same language is used in the Massachusetts stat-

ute of 1859, cap. 230. In their revision, however, in 1860, Gen. Stats. Mass. cap. 131, § 14, the sentence is rearranged and reads: " When one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party shall not be admitted to testify in his own favor; and when an executor or administrator is a party, the other party shall not be admitted to testify in his own favor," etc., etc.

Here the contrast is quite clearly between the original party to the contract or cause of action on the one side, and the other original party to the contract or cause of action on the other.

And in reading the condensed form, which our statute has retained, we cannot avoid drawing the same contrast. In spite of its defective grammatical structure, the sentence sets before the mind the two original parties to the contract, and imposes upon the one who survives and is a party to the suit a legal disability to offset the physical disability which affects the other.

The Supreme Court of Massachusetts in 1861 put this construction upon their statute of 1857. The indorser of a promissory note who sued upon it was admitted to testify in a case where the payee was dead, on the ground that the indorser, though plaintiff in the suit, was not one of the original parties to the contract in issue, while the defendant was excluded from testifying because he was one of the original parties and the other original party was dead. *Byrne* v. *McDonald*, 1 Allen, 243. In this case Bigelow, C. J., says: " It is equally clear that the plaintiff was a competent witness. He was a party to the suit, and as such admissible under the general rule established by the statute, unless he came within the exception contained in the proviso. But that was not applicable to him, because he was not an original party to the contract."

The plaintiff was plainly admissible independently of this construction, as he was not the " other " party, *i. e.* the party adversely interested to the side of the case which was crippled by the disability; but the decision is entitled to weight as being made by the Supreme Court of the State, from which our legislature borrowed the language. And it has been followed uniformly in Massachusetts and in other States where the statutes used the same or substantially identical words. *Looker* v. *Davis*, 47 Mo. 140; *Wright* v. *Gilbert*, 51 Md. 146, 157.

We conclude, therefore, that the witness is not excluded by the first branch of the proviso.

Neither do we think that she can be brought within the second ground of exclusion. It is true that the administrator is the holder of the fund out of which payment must be made, but he is not a party to the record and has no control of the suit, and as we have seen, all disabilities on the ground of interest have been abolished. If he had desired to contest the claim he might have objected to the allowance of it, and the plaintiff would have been put to her action at law against him. In that proceeding, as the administrator would have been a party, the plaintiff could not have testified; but here, as he is not a party, the condition of the proviso is not satisfied.

It appears to us, therefore, that the witness was erroneously excluded, and a new trial must be granted.

*Samuel W. K. Allen,* for appellant.

*Charles J. Arms & Walter F. Angell,* for appellee.